In the
 Missouri Court of Appeals
 Western District
 STATE OF MISSOURI, )
 )
 Appellant, ) WD84314 Consolidated with WD84315
 )
 v. ) OPINION FILED: January 25, 2022
 )
 M.M.W. JR., )
 )
 Respondent. )

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable David Michael Byrn, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, W. Douglas Thomson,
 Judge and Janet Sutton, Judge

 The State appeals from the circuit court's orders dismissing two indictments against

M.M.W., Jr. ("M.M.W."). The State argues that the circuit court erred in dismissing the

indictments because it erroneously relied on amendments to Chapter 2111 that took effect

after M.M.W.'s indictments to conclude that M.M.W., who was seventeen at the time of

his offenses, could not be tried in a court of general jurisdiction. Because the 2018

amendments to Chapter 211 have been conclusively determined by our Supreme Court not

 1
 All references to statutes within Chapter 211 are to RSMo Cum. Supp. 2020 unless otherwise noted.
to be retroactive in application, the circuit court's orders dismissing the indictments against

M.M.W. are reversed, and these consolidated cases are remanded to the circuit court for

further proceedings.

 Factual and Procedural Background

 On April 13, 2018, M.M.W. was indicted on one count of attempted robbery in

violation of section 570.023,2 one count of armed criminal action in violation of section

571.015, and one count of assault in the fourth degree in violation of section 565.056. On

May 11, 2018, M.M.W. was indicted for endangering a correctional employee in violation

of section 575.155. M.M.W. was alleged to have committed these offenses on January 22,

2017, and May 15, 2017, when he was seventeen years old. M.M.W.'s indictments were

filed in the circuit court of Jackson County, Missouri, and thus in the court of general

jurisdiction ("circuit court").

 On January 21, 2021, M.M.W. filed motions to dismiss both indictments. M.M.W.

argued that 2018 amendments to chapter 211 that were enacted after M.M.W.'s indictments

required the dismissal of his indictments because the amended definitions of "adult" and

"child" set forth in section 211.021 required his offenses to be tried in the juvenile division

of the circuit court ("juvenile court")3, since M.M.W. had not been certified for prosecution

as an adult pursuant to section 211.071.1. The State argued that the 2018 amendments to

chapter 211 did not operate retroactively. On January 27, 2021, the circuit court entered

 2
 The statutory references to M.M.W.'s criminal charges are to the version of each statute in effect at the
time of the alleged offense, unless otherwise noted.
 3
 "Juvenile court" is defined by section 211.021(3) as "the juvenile division or divisions of the circuit court
of the county, or judges while hearing juvenile cases assigned to them."

 2
orders dismissing the indictments against M.M.W. without prejudice, and referring the

matters to the juvenile court pursuant to section 211.061.2.

 The State appeals both orders, and the appeals were consolidated.4 The consolidated

appeals were then stayed pending the disposition of cases before the Missouri Supreme

Court that were expected to resolve when the 2018 amendments to chapter 211 took effect,

and whether the 2018 amendments to chapter 211 should be applied retroactively.

 Standard of Review

 We are to affirm the grant of a motion to dismiss in a criminal case employing the

same standard used in civil matters, and thus will affirm the dismissal on any ground

alleged in the motion. State v. R.J.G., 632 S.W.3d 359, 364 (Mo. banc 2021) (citing State

v. Merritt, 467 S.W. 3d 808, 810 (Mo. banc 2015)). The sole ground for dismissal raised

in M.M.W.'s motions to dismiss the indictments was the retroactive effect of the 2018

amendments to chapter 211, a question that implicates statutory interpretation. "Statutory

interpretation is an issue of law, which is subject to de novo review." Id. (quoting D.E.G.

v. Juv. Officer of Jackson Cnty., 601 S.W.3d 212, 216 (Mo. banc 2020)).

 Analysis

 The State raises a single point on appeal, arguing that the circuit court erred in

dismissing M.M.W.'s indictments and referring his criminal matters to the juvenile court

 4
 The State is authorized to appeal the circuit court's orders of dismissal, even though they were entered
without prejudice, because the effect of the dismissals was to enter "final" judgments appealable pursuant to Rule
30.01(a), as the dismissals had the practical effect of terminating the proceedings against M.M.W. in the circuit
court, rendering refiling of the actions futile. State v. R.J.G., 632 S.W.3d 359, 362-64 (Mo. banc 2021).

 3
because the 2018 amendments to chapter 211, enacted after M.M.W.'s indictments, did not

apply retroactively to M.M.W's indictments.

 The collective effect of the 2018 amendments to chapter 211 was to confer statutory

authority to juvenile courts over proceedings involving state law or municipal ordinance

offenses committed by someone prior to attaining the age of eighteen years. Before the

amendments, the juvenile court's statutory authority generally extended only to state law

or municipal ordinance offenses committed by someone prior to attaining the age of

seventeen years. It is uncontested that M.M.W.'s offenses would be subject to the statutory

authority of the juvenile court if the 2018 amendments to chapter 211 apply retroactively

to his indictments, and that the juvenile court would not have the statutory authority to

adjudicate M.M.W.'s offenses if the 2018 amendments to chapter 211 do not apply

retroactively.

 The Missouri Supreme Court resolved the question of retroactive application of the

2018 amendments to chapter 211 in the concurrently decided cases of State ex rel. T.J. v.

Cundiff, 632 S.W.3d 353 (Mo. banc 2021) and State v. R.J.G., 632 S.W.3d 359 (Mo. banc

2021). First, the Supreme Court concluded that the 2018 amendments to section 211,

though purportedly effective on January 1, 2021, were not, in fact, effective "until the

general assembly appropriated sufficient funds on July 1, 2021, for the juvenile division to

provide the expanded services" anticipated by the amendments. R.J.G., 632 S.W.3d at 364

(citing T.J., 632 S.W.3d at 356 (holding that section 211.438 controlled the effective date

of the 2018 amendments to chapter 211, as it provided that '[e]xpanding services from

 4
seventeen years of age to eighteen years of age is a new service and shall not be effective

until an appropriation sufficient to fund the expanded service is provided therefor'")).

 Having determined the effective date of the 2018 amendments to chapter 211, the

Supreme Court then concluded that the amendments do not apply to criminal conduct

committed prior to the effective date. R.J.G., 632 S.W.3d at 364-65. Instead, "a defendant

must be tried for the offense as defined by the law that existed at the time of the offense."

Id. at 364 (quoting State v. Pierce, 433 S.W.3d 424, 427 n.1 (Mo. banc 2014)).

 Thus, the definitions of "adult" and "child" in effect on the day of M.M.W.'s offenses

control whether the juvenile court had statutory authority over the adjudication of those

offenses. See R.J.G., 632 S.W.3d at 365. Relevant to this case, the definition of "adult"

on the dates of M.M.W.'s offenses was "a person seventeen years of age or older . . . ."

Section 211.021(1) RSMo 2016. The definition of "child" on the dates of M.M.W.'s

offenses was "any person under seventeen years of age . . . ." Section 211.021(2) RSMo

2016. As a matter of law, the 2018 amendments to chapter 211 do not apply to confer

statutory authority on the juvenile court to adjudicate M.M.W.'s offenses.

 Our stay of these consolidated appeals was lifted shortly after the Missouri Supreme

Court issued its decisions in T.J., 632 S.W.3d 353, and R.J.G., 632 S.W.3d 359. Thereafter,

M.M.W. filed a letter with this Court "conced[ing] that R.J.G. requires this Court to find

that the [circuit] court erred in dismissing" his indictments, and asking this court to "remand

[his matters] to the [circuit] court for further proceedings consistent with the holding in

R.J.G."

 We agree that is the required course of action.

 5
 Conclusion

 The circuit court's orders dismissing M.M.W.'s indictments and referring his matters

to the juvenile court for adjudication are reversed. These cases are remanded to the circuit

court for further proceedings.

 __________________________________
 Cynthia L. Martin, Judge

All concur

 6